UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20865-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LENIN NOVAS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**

The Defendant, Lenin Novas, has a filed a Motion to Dismiss the Indictment [DE 20], to which the government filed a response. [DE 21]. The Honorable Alan S. Gold referred the motion to me for report and recommendation. [DE 22]. I recommend that the motion be denied.

**1.    Background**

The Defendant is charged by Indictment with engaging in credit card fraud. [DE 8]. Counts One and Two charge violations of 18 U.S.C. § 1029(a)(1), alleging that on two different dates (August 24 and 26, 2009) the Defendant "did knowingly, and with intent to defraud, use one or more counterfeit access devices, that is, a counterfeit credit card." Counts Three and Four charge violations, on the same two dates, of 18 U.S.C. § 1028A(a)(1), that is that the Defendant "during and in relation to" the felonies charged in the first two

counts "did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person." Two "means of identification" are specified by initials and the last four digits of each person's credit card. [*Id.*].

According to the Complaint, on the two dates charged, the Defendant used both credit cards, without the permission of the owners of those cards, to make various purchases. The credit cards the Defendant used were counterfeits of the true owners' cards; that it, the original cards remained in the owners' possession, while the Defendant made unauthorized use of copies of those cards. [DE 3].

## 2. Motion to dismiss Counts One and Two

In his motion, the Defendant argues that the government erroneously charged him with a violation of 18 U.S.C. § 1029(a)(1), which criminalizes the improper use of "counterfeit access devices." According to the Defendant, government discovery shows that the credit cards that are the subject of the Indictment are not counterfeit, rather each is a "totally made-up credit card which contains a fictitious name." [DE 20, p. 1, ¶ 1]. Defendant asks the Court to "take testimony," presumably to confirm that the credit cards are not "counterfeit" and to dismiss Counts One and Two. [DE 20, p. 2].[1]

Federal Rule of Criminal Procedure 12(b)(3) sets forth grounds for dismissal of an

---

[1] Defendant argues that the evidence apparently shows that the cards he used were "unauthorized access devices," which is the subject of the prohibition in 18 U.S.C. § 1029(a)(2). He points out that the government could not charge him with violations of that subsection, however, because there is no evidence that the Defendant's alleged fraud exceeded $1,000 in a one-year period, which are elements of the crime set forth in that provision.

2

Indictment; it does not provide for dismissal due to insufficiency of the evidence. Whether the two credit cards identified in the Indictment are counterfeit, as charged in Count One and Two, is a fact question that must be resolved by a jury. Defendant's argument does not support pre-trial dismissal of these charges.

3.    **Motion to Dismiss Counts Three and Four**

Counts Three and Four, charges of aggravated identify theft, build on the violations alleged in the first two counts, by charging that in the course of his unlawful use of the alleged counterfeit credit cards, the Defendant unlawfully used "means of identification of another person." 18 U.S.C. § 1028A(a)(1). The Defendant makes several arguments for dismissal of these counts.

First, he contends that because he did not commit the crimes charged in Counts One and Two, he can not be found guilty of the crimes charged in the latter two counts. As Defendant puts it, "[h]ow can you aggravate that what never should have been charged?" [DE 20, p. 2, ¶ 3]. Defendant is correct that if he is found to have not committed the crimes charged in Counts One and Two, he will be found not guilty of the crimes charged in Counts Three and Four. This, again, is a matter that must be resolved at trial; it is not the basis for pre-trial dismissal.

Defendant next argues that the crimes of aggravated identify theft set forth in 18 U.S.C. ¶ 1028A(a) are intended to address acts of terrorism, and that the evidence here does not support such a finding. In fact, one subsection of that statute - § 1028A(a)(2) - does

require as an element of its proof a terrorist-related offense. The Defendant, however, is not charged with that offense. Rather, he is charged with a different subsection - § 1028A(a)(1) - which requires proof of commission of one of a number of enumerated offenses listed in §1028A(c), none of which require proof of terrorism.

Finally, the Defendant argues that the two year minimum mandatory sentence attached to the violations charged in these last two counts is excessive in light of the Defendant's alleged conduct and that the government abused its discretion in bringing these charges. The bringing of charges is a matter of prosecutorial discretion. Like the Defendant's other arguments, this too does not support dismissal of these charges.

Finally, I note that the three cases cited by the Defendant do not support his arguments. *United States v. Mitchell*, 518 F.3d 230 (4th Cir. 2008) and *United States v. Brown*, Case No. 1:08-cr-27, 2009 WL 3055379 (Sept. 17, 2009 D. Virgin Islands), stand for the proposition that the charge of aggravated identify theft, in violation of § 1028A(a), requires the government to prove the theft of the identification of a specific person. Whether the government can meet this proof will be determined at trial. Without providing a citation, Defendant also references *Crawford v. Washington*, presumably the Supreme Court decision reported at 541 U.S. 36 (2004). That decision addresses the requirements of the Confrontation Clause when a party seeks to introduce into evidence testimonial hearsay, and thus does not support Defendant's motion to dismiss.

4

**4. Recommendation**

For the foregoing reasons, I RECOMMEND that Defendant's Motion to Dismiss [DE 20], be **DENIED**.

**5. Objections**

The parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold **no later than Friday, March 19, 2010**. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida this 8th day of March, 2010.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Alan S. Gold
    All counsel of record